UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES NICHOLS,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 5:25-CV-05038-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOVANT'S MOTION AT DOCKET NO. 19 |

  Movant Charles Nichols has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Nichols represents himself in these proceedings. Previously, respondent United States of America filed a motion to dismiss and the court notified Mr. Nichols that if he opposes the motion, he must file a pleading with the court explaining why. See Docket Nos. 16 & 18.

  Mr. Nichols now moves the court for appointment of counsel to assist him with responding to the government's motion and for an extension of time to respond. See Docket No. 19. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2)   Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
>
> \*\*
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
>
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
>
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted).

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant

factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, Mr. Nichols has cogently and clearly explained the basis of his request for relief under § 2255. See Docket Nos. 1 & 2. The court believes he is capable of formulating a response to the government's motion to explain why he opposes the motion. The issues are neither complex nor especially legal. Mr. Nichols alleges his physical condition prevented him from making a knowing and voluntary plea. He alleges his counsel was ineffective for failing to investigate Mr. Nichols' medical condition, that counsel was ineffective because he provided an incorrect guarantee of the length of Mr. Nichols' sentence, and because counsel deprived Mr. Nichols of his right of allocution at sentencing. See Docket Nos. 1 & 2. Mr. Nichols is the person with the most intimate knowledge of the facts he relies upon to request relief. He does not need recourse to some other third party in order to gather the facts necessary to oppose the government motion. Those facts are known to Mr. Nichols.

At this juncture, the court will deny the request for court-appointed counsel. After resolving the government's motion, if the court concludes an evidentiary hearing will be necessary, the court will appoint counsel for Mr. Nichols at that time.

As to Mr. Nichols' request for an extension of time to respond, the court will grant that request. Mr. Nichols asks for an additional 60 days. See Docket No. 19. That request stretches the concept of a reasonable delay, given that

3

Mr. Nichols has already had 3 weeks to respond to the government's motion and has had his former counsel's affidavit for nearly 2 months. Nevertheless, the court will grant Mr. Nichols' request. It is hereby

ORDERED that Mr. Nichols' motion at Docket No. 19 is granted in part and denied in part. The court will not appoint counsel for Mr. Nichols at this juncture. However, the court will extend Mr. Nichols' response time to the government's motion. **Mr. Nichols' response to the government motion must be on file with this court no later than October 24, 2025.**

DATED this 25th day of August, 2025.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY

United States Magistrate Judge