UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHARLES NICHOLS,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:25-CV-05038-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND GRANTING RESPONDENT'S MOTION TO DISMISS |

Charles Nichols, appearing pro se, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. Respondent, the United States, moved to dismiss Nichols' motion for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 12 of the Rules for Section 2255 Proceedings. Docket 16. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

Magistrate Judge Duffy submitted her report and recommendation, recommending that the court grant respondent's motion to dismiss and dismiss Nichols' § 2255 motion with prejudice. Docket 22 at 41. Respondent notified the court that it had no objection to the report and recommendation. Docket 23. Nichols timely filed objections to the report and recommendation that repeated his previous claim of ineffective assistance of counsel alleging that his attorney forged his allocution statement, that he needs an evidentiary hearing to determine his competency during the change of plea hearing, and that he needs to subpoena his

medical records.[1] Docket 24. Having reviewed de novo the report and recommendation and Nichols' objections, the court overrules the objections, adopts the report and recommendation in full, grants respondent's motion to dismiss, and denies Nichols' motion to vacate his sentence under 28 U.S.C. § 2255 with prejudice.

**REVIEW OF REPORT AND RECOMMENDATION**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir. 1994).

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 22 at 2–17. Nichols does not raise any substantive objections to these factual findings. *See generally* Docket 24. But Nichols objects to the magistrate judge's conclusions regarding his claim of ineffective assistance of counsel, his request for an evidentiary hearing to determine his competency, and his request to subpoena his medical records. *Id.* The court reviewed this matter de novo and reviewed the records from Nichols' underlying criminal case in

[1] Objections to the report and recommendation were due on December 22, 2025. Docket 22 at 41. Although Nichols' objection was not docketed until December 30, 2025, his letter setting out his objections was dated December 18, 2025. Docket 24 at 1.

*United States v. Nichols*, 5:23-CR-50037-KES (D.S.D.). Based on its comprehensive review, the court concludes Nichols' repeated objections are without merit. Magistrate Judge Duffy conducted a thorough analysis and issued a comprehensive report and recommendation. The court need not review Nichols' objections in detail because they are merely reiterations of his previous arguments, which were thoughtfully considered and rejected by the magistrate judge. *See, e.g.,* Docket 22 at 21–40 (discussing the ineffective assistance of counsel claims); *id.* at 37–38 (addressing the allegation that the allocution statement was not written by Nichols); *id.* at 28, 37, 40 (considering the request for an evidentiary hearing); *id.* at 22, 26–27 (detailing access to Nichols' medical records). Thus, the court adopts the report and recommendation in full as it adequately addresses Nichols' objections.

**CERTIFICATE OF APPEALABILITY**

When a district court denies a § 2255 motion, the movant must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1)(B). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Nichols has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his motion differently, or that a question raised by his motion deserves additional proceedings. Thus, a certificate of appealability is not issued.

**CONCLUSION**

After conducting a de novo review, it is ORDERED:

1. That Nichols' objections to the report and recommendation (Docket 24) are overruled.
2. That the report and recommendation of the magistrate judge (Docket 22) is adopted in full.
3. That respondent's motion to dismiss (Docket 16) is granted.
4. That Nichols' motion under 28 U.S.C. § 2255 (Docket 1) is denied with prejudice.
5. That a certificate of appealability is denied.

Dated September 8, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE